On petition to rehear,
Febemau, J.,
delivered the opinion of the court:
A petition for rehearing has been filed in this case, and considered.
We hold it clear that the undertaking in the bond of April 25th, 1874, was prospective, and did not include a guaranty for previous conduct of the agent, Whitesides.
In the next place, we do not think the principle as to application of payments, as between debtor and creditors strictly, if at all, applicable to the facts of the case. It is a case of an agent for sale of tickets, whose duty it was to account for and remit proceeds of tickets sold by him to the company, his principal at Hashville. . These tickets *17 must be furnished by the company, in the nature of things, and lie charged with them.
The question is, did he account for all sales made from the time of the execution of the bond, and remit the proceeds to tlic office .of the company at Nashville? If so, his bond has- not been broken, and surety not liable. The proof shows clearly that he did remit every cent received, but having been in default with the company to a considerable sum before the execution of the bond in this case, the company, under his direction, applied a-portion of his remittance, from April 25th, 18T4,-to last of August, 18T4, to the old debt, and thus leaves him charged with a deficit during the period covered by the bond.
Whitesides was required to report the amount of his sales, at first weekly, afterwards daily,, and to remit the money to Nashville. Tie also, reported to the general bookkeeper at Chattanooga. We think the inference inevitable, from this record, that the officers of the company knew that all his remittances were receipts for the week or day. They were sent by express, and sent as weekly or daily receipts. This was the well understood character of the remittance. Under these circumstances, we hold it would be a fraud on the surety to apply these remittances of the company’s money to the previous default. It would be a very convenient way of saving a bad debt, probably, but would be grossly unjust to the surety who had guaranteed faithful remittance for the period of the bond.
In this view of the facts, we need not discuss the question as to what would be the result in the event the company, by its officers or agents, had no knowledge that .the money was the weekly and daily collections. The view we have taken of the case is conclusive of the result, without the discussion of the other question.
Let the petition be dismissed.